IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY MCCONNELL, individually and
as natural parent and next friend of BRADY
MCCONNELL, a juvenile,

        Plaintiffs,

v.                                                         Civil Action: 5:08-CV-113
                                                        (Senior Judge Stamp)

JEFFREY GRIFFITH, individually and in
his capacity as agent and employee of the
City of Wheeling,

and

WILL WARD, individually and in his capacity
as agent and employee of the City of Wheeling,

and

CITY OF WHEELING, a West Virginia
municipal corporation,

        Defendants.

## MEMORANDUM, OPINION, AND ORDER GRANTING DEFENDANTS REASONABLE EXPENSES

On July 9, 2009 came the above named Plaintiff, Kevin L. Neiswonger, Esq. and the above named Defendants, by Heather M. Noel, Esq., via telephone for an evidentiary hearing and argument on Defendants' Motion to Compel.[1] Testimony was not taken, and no other evidence was introduced. By Order of the Court, on July 9, 2009, Defendants' motion was granted. On July 28, 2009 came the above named Plaintiff, by Kevin L. Neiswonger, Esq. and

---

[1] Doc. No. 25

1

the above named Defendants, by Heather M. Noel, Esq., via telephone for Plaintiff's Opportunity to be Heard on the issue of reasonable expenses and sanctions.

## I. INTRODUCTION

A.  Background

This case arises from an incident allegedly occurring on or about December 24, 2006. On that date, Plaintiff alleges Defendants Griffith and Ward, Wheeling, WV police officers, were on duty. Griffith and Ward were called to the area of Lotus Lane regarding a report of two individuals breaking into vehicles. According to the officers, two individuals fled from the area. At some point thereafter, Officer Griffith cane into contact with Plaintiff Brady McConnell, a juvenile. Plaintiff alleges that Officer Griffith tackled him and attempted to place him in handcuffs and that both officers struck him several times on or about his face. Plaintiff further alleges that the officers effectuated an unlawful arrest in the absence of probable cause and that Brady McConnell had not committed any offense for which he could have been arrested.

On July 8, 2008, Plaintiff filed suit in the Northern District of West Virginia alleging a civil rights violation under 42 U.S.C. § 1983, intentional infliction of emotional distress, battery, defamation and negligent retention and hiring. Defendants responded with their Answer and Counterclaim.

The parties engaged in discovery and a dispute arose.

B.  The Motion

Defendants' Motion to Compel[2]

---

[2] Doc. No. 25

C.   Decision

Defendants are **GRANTED** reasonable expenses as hereinafter set forth.

## II. FACTS

1. On April 22, 2009, Defendants served their Discovery Requests upon the Plaintiff.[3]

2. On June 17, 2009 Defendants filed their Motion to Compel.

3. Defendants' Motion was granted on July 2, 2009.[4]

4. Plaintiff complied with the Court's July 2, 2009 Order establishing July 24, 2009 as the date by which Plaintiff was to respond to Defendants' discovery requests.

## III. OPPORTUNITY TO BE HEARD

A.   Contentions of the Parties

Plaintiff objects only to the reasonableness of Defendants' Affidavit of Costs.

B.   The Standards

1. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>:  Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond.  Gamesmanship to evade answering as required is not allowed.  <u>Hansel v. Shell Oil Corporation</u>, 169 F.R.D. 303 (E.D. Pa. 1996).

2. <u>Discovery - Sanctions - Rule 37(a) - Successfully Bring a Motion to Compel:</u> Fed. R. Civ. P. 37(a)(4)(A) addresses the remedies available when a party successfully brings a motion to compel the production of discovery.  The Rule states:

---

[3] Doc. No. 23

[4] Doc. No. 30

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court fins that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery, without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

A court is required to award reasonable expenses, including attorney's fees, against the party being required to produce discovery unless that party can demonstrate that it was "substantially justified" in withholding the requested information. See Rickles v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994) (stating that Rule 34(a)(4) is a "fee shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified'"); Cannon v. Cherry Hill Toyota, Inc., 190 F.R.D. 147, 157 (D. N.J. 1997) (holding "Rule 37(a)(4) grants the Court authority to impose sanctions against a party who is compelled to make disclosures as a result of the motion"). When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. Rickles, 33 F.3d at 787.

3. <u>Discovery - Sanctions - Rule 37(a) - Successfully Bring a Motion to Compel - Substantially Justified:</u> The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean "'justified in substance or in the main' - - that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Id. at 565; see also Wright, Miller &

Marcus, Federal Practice and Procedure: Civil 2d § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

  4. <u>Discovery - Sanctions - Rule 37(a) - Successfully Bring a Motion to Compel - Reasonable Costs</u>: Concerning rates charged by attorneys in calculating attorney's fees, our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." <u>Nat'l Wildlife Found. v. Hanson</u>, 859 F.2d 313, 317 (4th Cir. 1988).

  5. <u>Sanctions - Fourth Circuit Four Part Test:</u> Four factors must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." <u>Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592, 597 (4th Cir. 2003)(quoting <u>Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,</u> 155 F.3d 500, 504 (4th Cir. 1998)).

  6. <u>Sanctions - When Not Appropriate:</u> Sanctions are not appropriate "When it has been established that failure to comply has been due to inability, and not wilfulness, bad faith, or any fault of the non-complying party." <u>Wilson v. Volkswagon of Am.</u>, 561 F.2d 494, 503 (4th Cir. 1997).

C. <u>Discussion</u>

  District Courts "enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." <u>Hinkle v. City</u>

5

of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996). Failure to comply with a discovery order can result in the immediate imposition of sanctions. Rule 37(b)(2)(A) states, in part, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further such orders." Rule 37(b)(2)(C) allows this Court to issue an order that "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

A trial court has broad discretion in applying sanctions under Rule 37. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976). The sanctions enumerated in Rule 37 are flexible and "may be applied in many or varied forms as the court desires by exercising broad discretion in light of the facts of each case." Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981). In addition, Counsel are not immune from being sanctioned. The court has the inherent authority to sanction a litigant for the destruction of relevant and potentially discoverable documents. Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 556 (N.D. Cal. 1987); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)(discussing a court's inherent power to impose sanctions on attorneys who fail to comply with discovery orders); In re Prudential Ins. Co. of Am. Sales Practices Litig., 169 F.R.D. 598, 614 (D.N.J. 1997)(stating that the court possesses the inherent authority to punish those who abuse the judicial process), rev'd on other grounds, 133 F.3d 225 (3d Cir. 1998). "The district court may use as many and as varied sanctions as are necessary to hold the scales of justice even." 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284 at 612-13

(1994).

The Fourth Circuit has determined that the following four factors must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Because Defendants prevailed on their motion to compel, and the motion was granted, it is within the Court's discretion to impose reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Further it is just, not unjust to award expenses. Fed. R. Civ. P. 37(b)(2)(C). However, Defendants have not met the standard for imposing sanctions in this case because Plaintiff fully complied with this Court's Order. Fed. R. Civ. P. 37(b)(2)(A). Furthermore, no bad faith on the part of the Plaintiff has been established.

The Court finds that the expenses outlined in Defendants' Affidavit are reasonable.

D. Decision

No monetary sanction is necessary here. However, Defendants seek $735 in attorney's fees billed at $150 per hour for costs and expenses.

There was no proof of the prevailing rate of attorney's fees in the jurisdiction for discovery disputes. In the absence of any evidence of the prevailing rates for discovery disputes in this jurisdiction, the Court finds the above-mentioned hourly rates to be appropriate for this kind of work in 2009.

Defendants are hereby **GRANTED** attorney's fees.  Because Defendants prevailed on their motion to compel, Plaintiff, or his counsel, shall pay Defendants the sum of **$735.00** for reasonable expenses incurred by defense counsel in drafting the motion to compel, and preparing for and attending the hearing.  Plaintiff, or his counsel shall pay the above-sum within thirty (30) days from the date of this Order.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: July 31, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE